■ In the Matter of Louis Marx, Jr., et al., Respondents, v State Tax Commission et al., Appellants. (Proceeding No. 1.) In the Matter of Robert J. Hunt et al., as Personal Representatives of the Estate of Dwight W. Winkelman, Deceased, et al., Respondents, v State Tax Commission, Appellant. (Proceeding No. 2.) In the Matter of Howard Ross et al., Appellants, v New York State Tax Commission, Respondent. (Proceeding No. 3). — Appeal, in proceeding No. 1, from a judgment of the Supreme Court at Special Term (Williams, J.), entered September 20, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission sustaining a personal income tax assessment. ¶ Appeal, in proceeding No. 2, from a judgment of the Supreme Court at Special Term (Williams, J.), entered September 26, 1983 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission sustaining a personal income tax assessment. ¶ Appeal, in proceeding No. 3, from a judgment of the Supreme Court in Special Term (Pennock, J.), entered May 17, 1983 in Albany County, which denied petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission sustaining a personal income tax assessment. ¶ The facts are not in dispute. New York State imposes a "minimum income tax" on the New York "minimum taxable income" of every individual, estate or trust (Tax Law, § 601-A).[1] The purpose of the minimum income tax is to limit the ability of high income taxpayers to avoid any tax burden through various tax shelters by requiring such taxpayers to pay a tax on certain "items of tax preference" from which they benefit. Thus, the minimum income tax is the sum of the "items of tax preference" reduced by specified amounts (Tax Law, § 622, subd [a]). The term "items of tax preference" is defined as "the federal items of tax preference" subject to certain modifications (Tax Law, § 622, subd [b]). For 1976 and

1. A comparable provision for a minimum income tax is set forth in title T of chapter 46, of the Administrative Code of the City of New York. In addressing the issues presented, unless otherwise specified, all references to particular sections of article 22 of the Tax Law should be deemed references, although uncited, to comparable provisions of title T of the Administrative Code.

1977, the years at issue in these proceedings, these modifications did not make any mention of and did not involve the Federal deduction for State and local income taxes, although for taxable years beginning after December 31, 1979, a modification which involved the Federal deduction for State and local income taxes was added as section 622 (subd [b], par [5]) of the Tax Law (see L 1980, ch 669, § 1). ¶ The Federal items of tax preference for taxable years 1976 through 1978 included "excess itemized deductions",[2] which were computed using a percentage of certain deductions, such as the deduction for State and local income taxes, not specifically excepted by former section 57 (subd [b], par [1]) of title 26 of the United States Code (see former US Code, tit 26, § 57, subd [b], par [1], as amd by Pub L 94-455, § 301, subd [c], par [2]). Thus, for the years in issue, the Federal deduction for State and local income taxes was included in the amount of excess itemized deductions and, thereby, was considered in the calculation of Federal items of tax preference. In 1978, Congress eliminated the deduction for State and local income taxes from being considered in the amount of adjusted itemized deductions used in calculating the Federal items of tax preference (see Pub L 95-600, § 421, subd [b], par [3]). ¶ In computing their New York State and city minimum income tax for 1976 (and for 1977 in the case of petitioners Marx), petitioners did not include their deductions for New York State and city income taxes as items of tax preference, although, as discussed above, these deductions were included in the computation of Federal items of tax preference and the State items of tax preference were based on the Federal. By omitting these deductions from the computation of State items of tax preference, petitioners reduced their State items of tax preference and thereby substantially reduced their New York minimum income tax liability. Petitioners received notices of deficiency from the State Department of Taxation and Finance which explained that the Tax Law "does not currently allow a modification to be made for State and local income taxes in the computation of New York items of tax preference". After a hearing in the *Hunt* case and after submission of the files in the *Marx* and *Ross* cases, hearings having been waived, respondent State Tax Commission determined that "for the period at issue herein, petitioners improperly calculated their New York items of tax preference subject to New York minimum tax" and sustained the notices of deficiency. ¶ Thereafter, petitioners commenced CPLR article 78 proceedings to review respondent's determinations. Petitioners alleged that the determinations were erroneous in law, arbitrary, capricious and an abuse of discretion on the ground that using the Federal definition of itemized deductions in computing State items of tax preference resulted in a New York minimum income tax being imposed on certain itemized deductions, i.e., State and local income taxes, from which petitioners derived no benefit because such taxes were not allowed as itemized deductions on New York returns. In *Marx* and *Hunt,* Special Term concluded that, to the extent that the State calculation of the minimum income tax on items of tax preference used deductions allowed at the Federal level but not allowed at the State level, respondent's determinations lacked a sound basis in reason or in fact. Respondent appeals from the judgments annulling the determinations in those cases. In *Ross,* Special Term dismissed the petition after concluding that, although the inclusion of the deduction for State and local income taxes in the calculation of State items of tax preference may be unfair, there was no legal authority to exclude such deduction from such calculation. From the judgment dismissing their petition, petitioners Ross appeal. ¶ Initially, we reject respondent's contention that the addition in 1980 of section 622 (subd [b], par [5]) of the Tax Law (see L 1980, ch 669, § 1) served to delete the deductions for the State and local income taxes

---

2. In 1977, the term "adjusted" was substituted for the term "excess" without change in meaning (see Pub L 95-30, § 101, subd [d], par [5]).

from the calculation of State items of tax preference and, thus, prior thereto, in the absence of a provision permitting their deletion, such deductions were necessarily included in the calculation. Inasmuch as the State items of tax preference are defined as the Federal items of tax preference (Tax Law, § 622, subd [b]) and, pursuant to Federal legislation in 1978 (Pub L 95-600, § 421, subd [b], par [3]), the deductions for State and local income taxes were deleted from the calculation of Federal items of tax preference, there was no need for the State Legislature, thereafter in 1980, to enact a provision deleting such deductions from the computation of State items of tax preference. Because we assume that legislation is enacted for a purpose and is not redundant (see McKinney's Cons Laws of NY, Book 1, Statutes, § 96; 56 NY Jur, Statutes, § 205, pp 663-664), section 622 (subd [b], par [5]) of the Tax Law must have meaning other than that urged upon us by respondent. We need not resolve that other meaning at this time, however, as it is sufficient for our purposes herein to reject respondent's contention in this regard. ¶ We also reject petitioners' claim that because the Tax Law must be interpreted in accordance with comparable Federal statutes (see Tax Law, § 607, subd [a]), respondent's determination is erroneous in that it disregards the Federal tax benefit rule (see US Code, tit 26, § 58, subd [h]), which requires adjustments to items of tax preference when they do not otherwise result in a tax benefit. Petitioners argue that because they receive no tax benefit on their State returns from the deductions for State and local taxes, the tax benefit rule requires an adjustment in their State items of tax preference to reflect such lack of benefit (see Rev Ruling 80-226, 1980-2, CB 26). Petitioners' position is belied by the fact that for the years at issue, certain Federal items of tax preference, other than the deductions for State and local income taxes, were expressly mentioned as modifications in the calculation of State items of tax preference (see Tax Law, § 622, subd [b], pars [2]-[4]). It is well established that "[w]hen one or more exceptions are expressly made in a statute, it is a fair inference that the Legislature intended that no other exceptions should be attached to the act by implication" (McKinney's Cons Laws of NY, Book 1, Statutes, § 213). Thus, the State statutory scheme clearly requires a different meaning than the Federal tax benefit rule would impose and conformity with the Federal tax benefit rule is not required (see Tax Law, § 607, subd [a]). Consequently, it is apparent that for 1976 and 1977, the deductions for State and local income taxes were meant to be included in the calculation of State items of tax preference. ¶ In reaching this result, we agree with Special Term's assessment in the *Ross* proceeding that the inclusion of these deductions in the calculation of State items of tax preference is not fair or equitable in light of the fact that petitioners received no benefit on their State returns for these deductions. We recognize, however, that, absent constitutional deficiency, the Legislature enjoys almost unbridled authority to tax and that the Tax law need not be fair or equitable (see, e.g., *Matter of Long Is. Light. Co. v State Tax Comm.*, 45 NY2d 529, 535), especially when inequities arise as a consequence of Federal and State statutory schemes being interwoven (cf. *Matter of Kreiss v New York State Tax Comm.*, 61 NY2d 916, 918). The minimum income tax is designed to prevent high income taxpayers from avoiding tax liability and to enhance State tax revenues. The inclusion of the deductions for State and local income taxes in the computation of State items of tax preference certainly satisfied these legitimate legislative objectives and comported with the State legislative enactments effective in 1976 and 1977. In the absence of constitutional objection or infirmity and recognizing that any inequity resulting from the issue herein was alleviated by Federal legislation in 1978 (see Pub L 95-600, § 421, subd [b], par [3]), we accordingly conclude that respondent's determinations in these three proceedings were in accordance with valid legislation and should be confirmed.

¶ Judgment entered September 20, 1983 reversed, on the law, without costs, and petition dismissed. ¶ Judgment entered September 26, 1983 reversed, on the law, without costs, and petition dismissed. ¶ Judgment entered May 17, 1983 affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.